IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>vs.<br><br>DOUGLAS R. MADSEN,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br><br><br>Case No. 2:05-CV-1060 TS |

This matter came before the Court on December 1, 2006, for hearing on the government's Motion for Contempt Sanctions[1] against Respondent, Douglas R. Madsen. The day before the hearing, Respondent filed a Motion for Expedited Stay or Continuance. At the hearing, Respondent personally appeared, representing himself *pro se*, and the government was represented by Jared Bennett. The Court heard argument from both parties and rules as follows.

The Court denies Respondent's Motion to stay or continue for the following reasons: 1) the outcome of an unrelated district court case in New York in no way justifies a continuance in this matter. This case deals solely with an IRS Summons, with which Respondent previously

---

[1] Docket No. 17.

1

agreed to comply,[2] and upon which this Court has already ruled;[3] 2) there is no fact discovery in this case for which an extension could be granted; 3) the merits of case have been resolved, and the narrow issue remaining before the Court is whether Respondent has complied with the Court's Order; 4) there is no IRS motion for a 90-day extension before the Court; and 5) Respondent has simply provided no good cause to justify a stay or continuance in this matter. This case was initiated in December 2005, and Respondent has been aware of the issues since at least that time. The Court issued its Order on June 6, 2006, and Respondent's compliance was due on July 6, 2006. That deadline passed nearly six months ago, and a Motion made the day before a contempt hearing does not relieve Respondent of his duty to comply with Court rules and orders.

Regarding the government's Motion for Contempt Sanctions, the Court rules as follows: This Court's June 5, 2006 Order adopted and incorporated the Summons, and is a valid and enforceable court order. Defendant had knowledge of the Order and the previous deadlines, and was put on further notice in open court at the December 1, 2006 hearing. Based upon these findings,[4] failure to comply with the Court's directives herein will result in a finding of civil contempt against Respondent.

Specifically, Respondent must comply with the Summons, as previously ordered by this Court, by Friday, December 8, 2006. Respondent is to meet with the IRS by that date, and Mr.

---

[2] *See* Docket No. 8.

[3] Docket No. 14.

[4] *See F.T.C. v. Kuykendall*, 371 F.3d 745, 757 (10th Cir. 2004).

Bennett is also ordered to attend.  Thereafter, if Respondent fails to comply, the Court imposes a fine of $100 per day against Respondent until his compliance is achieved.  If the fine does not ensure compliance, the Court will consider further sanctions against Respondent.

As Respondent has been put under oath by this Court, he must respond fully and truthfully to questions posed by the Court or an officer of this Court, including counsel for the government, in this matter.  The penalty for failure to do so may include a finding of perjury, a fine, and/or prosecution for making a false statement.

The Court has previously ordered compliance with the IRS Summons, and now also finds that the IRS "worksheet" presented to Respondent is proper under the Summons.  Respondent must comply by December 8, 2006, or will face the sanctions and penalties just described.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that the government's Motion for Contempt Sanctions (Docket No. 17) is GRANTED, as set forth above.  It is further

ORDERED that Respondent's Motion for Expedited Stay or Continuance (Docket No. 21) is DENIED.

SO ORDERED.

DATED this 1st day of December, 2006.

                                                  BY THE COURT:

                                                  _____
                                                  TED STEWART
                                                  United States District Judge