IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br><br><br><br><br>vs.<br><br><br>DOUGLAS R. MADSEN,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER FINDING RESPONDENT IN CONTEMPT OF COURT AND IMPOSING SANCTIONS AND INCARCERATION<br><br><br><br><br><br>Case No. 2:05-CV-1060 TS |

This matter came before the Court on January 8, 2007, for hearing on the government's

Second Motion for Contempt Sanctions[1] against Respondent, Douglas R. Madsen.  At the

hearing, Respondent personally appeared, representing himself *pro se*, and the government was

represented by Jared Bennett.  The Court heard argument from both parties and rules as follows.

I.      BACKGROUND

        A hearing was held on December 1, 2006 on the government's original Motion for

Contempt Sanctions.  At that hearing, the Court made clear to Respondent that he had to answer

---

[1] Docket No. 24.

questions under the Summons, and gave him seven days to meet with the IRS.  Respondent was also placed under oath, and threatened with a penalty of $100/day if he failed to comply.

The meeting was scheduled for December 8, 2006, and Respondent did appear. However, he refused to answer any questions and, instead, read a statement, which was later filed by Respondent as an Affidavit in this case.[2]  The entire meeting was taken down by a court reporter, and lasted only six minutes.[3]

Thereafter, the government filed the instant Second Motion.  The government now asks for the following relief for Respondent's contempt/failure to comply with the Court's order: 1) an additional fine of $500; 2) costs and attorney's fees to the government; and 3) incarceration until Respondent complies.

II.     DISCUSSION

The Tenth Circuit has established that, in order to prevail in a civil contempt proceeding, the Petitioner has the burden of proving, by clear and convincing evidence, the following: 1) that a valid court order existed 2) that Respondent had knowledge of the order; and 3) that Respondent disobeyed the order.[4]

A.      Valid court order.

In this case, on June 5, 2006, the Court issued an order adopting and incorporating the Summons.  On December 1, 2006, the Court issued another order reinforcing its previous order

---

[2] Docket No. 26.

[3] The transcript was attached as an exhibit to Docket No. 24.

[4] *F.T.C. v. Kuykendall*, 371 F.3d 745, 757 (10th Cir. 2004); *Reliance Ins. Co. v. Mast Constr. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998).

2

that Respondent comply with the Summons, and expressly finding that the June 5, 2006 Order was a "valid and enforceable court order."[5]

        B.     <u>Knowledge</u>.

In its December 1, 2006 Order, the Court expressly found that Respondent "had knowledge of the [June 5, 2006] Order and the previous deadlines, and was put on further notice in open court at the December 1, 2006 hearing."[6]  The Court further finds that Respondent had notice of the December 1, 2006 Order.  At the previous hearing, the Court made clear to Respondent what it had ordered and what it expected of him in order to ensure compliance.

        C.     <u>Disobedience</u>.

The Court's December 1, 2006 Order also warned Respondent that "failure to comply with the Court's directives herein will result in a finding of civil contempt."[7]  The Court has reviewed the transcript of the December 8, 2006 meeting between Respondent and IRS agents. Respondent has wholly failed to comply with the Court's previous Orders and, of great concern to the Court, has only grown more defiant as this case has progressed.

        D.     <u>Finding</u>.

The Court finds, by clear and convincing evidence, that valid court orders existed, that Respondent had knowledge of the orders, and that he disobeyed those orders.  Therefore, the Court finds Respondent to be in contempt of this Court, and will impose the following.

---

[5] Docket No. 23, at 2.

[6] *Id.*

[7] *Id.*

III.   <u>SANCTIONS AND INCARCERATION</u>

    A.    <u>Fine</u>.

In its December 1, 2006 Order, the Court imposed a fine of $100/day if Respondent failed to comply.  This sanction clearly had no deterrent effect on Respondent.  Therefore, the Court will impose a fine of $500/day fine beginning from today until Respondent complies.

    B.    <u>Costs and attorney's fees</u>.

Because the government expended costs and fees associated with the meeting wherein Respondent wholly failed to comply with this Court's Order, Respondent is ordered to pay for those costs and fees.  Were it not for his contempt, those expenses would have achieved the desired result, but by Respondent's choice to defy the Court's order, he will be responsible to reimburse the government for: 1) the costs of the court reporter's appearance; 2) the cost to have the transcript prepared; and 3) the attorney's fees expended for the meeting.

    C.    <u>Incarceration</u>.

No Court Order, fine or other action taken by the Court to this point has resulted in Respondent's compliance.  In fact, to the contrary, Respondent has grown increasingly more defiant of this Court's authority.  The Court finds that the only way to ensure his compliance at this time is to order that Respondent be incarcerated forthwith for civil contempt, until such time as he complies with the Summons and previous Orders of this Court.  Immediately upon proof of his compliance therewith, the Court will order his release from incarceration.

Upon notice of compliance, the Court will transport Respondent from jail and will conduct a hearing regarding his release from incarceration.  However, even upon Respondent's release, the fines and monetary sanctions imposed by the Court will remain in effect.

IV.     <u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that the government's Second Motion for Contempt Sanctions (Docket No. 24) is GRANTED.  The consequences for Respondent's contempt of court are set forth above.

SO ORDERED.

DATED this 8th day of January, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge